UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN STEVEN OLAUSEN, ) | |
| Plaintiff, ) | 3:10-cv-00049-RCJ-RAM |
| ) | |
| vs. ) | |
| ) | ORDER |
| GARY HATLESTAD, ) | |
| ) | |
| Defendant. ) | |

This is a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983, by a Nevada state prisoner. Plaintiff's application to proceed *in forma pauperis* has been granted. (Docket #7). The Court now addresses the complaint.

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.§ 1915A. Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim

is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In the instant case, plaintiff brings action against Washoe County Deputy District Attorney Gary Hatlestad. In the complaint, plaintiff alleges that Hatelstad violated his rights in connection with proceedings in his criminal conviction. Prosecutors are absolutely immune from civil suits for damages under section 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Because plaintiff's allegations relate to the district attorney's actions in performing functions intimately associated with the judicial phase of the criminal process, plaintiff's claim must be dismissed on grounds of prosecutorial immunity. *Id.; see Stevens v. Rifkin*, 608 F. Supp. 710, 728 (N.D. Cal. 1984); 28 U.S.C. § 1915A(b)(2).

///

///

///

///

1   **IT IS THEREFORE ORDERED** that the complaint is **DISMISSED WITH**
2   **PREJUDICE.**
3   **IT IS THEREFORE ORDERED** that the Clerk of Court **SHALL ENTER**
4   **JUDGMENT** accordingly.
5   DATED this 20th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE